UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEROY WELLS,

        Petitioner,        2:15-cv-01639-TC

    v.                          FINDINGS AND
                                   RECOMMENDATION

MARK NOOTH,

        Respondent.

Coffin, Magistrate Judge.

    Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions and sentences for Sexual Abuse in the First Degree, Menacing, Burglary in the First Degree, Stangulation, and Coercion.

    Respondent now moves to deny the petition without prejudice because petitioner is presently appealing his convictions, and therefore, has not exhausted available state

1 - FINDINGS AND RECOMMENDATION

remedies.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

Petitioner alleges that the criminal judgment against him is invalid due to a state appellate court order, dated October 29, 2014, that vacated the trial court's July 2014 judgment for lack of jurisdiction, and remand the case to the trial court for entry of a new judgment of conviction and sentence.

Petitioner is presently litigating these claim on direct appeal. Therefore, he has not exhausted available state remedies and his petition should be denied without prejudice. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding. All pending motions should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

2 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 12 day of May, 2016

Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION